RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
6/24/15

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**MOISES FIERROS-MEDEROS (18045-078)**    **DOCKET NO. 15-CV-1637, SEC. P**

**VERSUS**    **JUDGE DRELL**

**WARDEN**    **MAGISTRATE JUDGE KIRK**

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Moises Fierros-Mederos, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"); he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the calculation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts and Background*

On February 22, 2011, Petitioner was sentenced to a fourteen month term of imprisonment in the United States District Court for the Eastern District of Texas following a guilty plea to a charge of reentry of a deported alien. U.S. v. Fierros-Mederos, 2:10-cr-21, Doc. #28.

On August 9, 2011, Petitioner was sentenced to a ten year term of imprisonment in the United States District Court for the Eastern District of Texas following a guilty plea to conspiracy to possess

with intent to distribute and distribution of 50 grams or more of methamphetamine. U.S. v. Fierros-Mederos, 6:10-cr-126. The ten-year sentence was ordered to run concurrent to the previously imposed 14-month sentence for reentry of a deported alien in 2:10-cr-21.

On September 14, 2011, Petitioner was committed to a BOP facility and provided a projected release date of October 11, 2019. Petitioner claims that the release date does not include proper credit for the period of time from February 22, 2011 (the date the first sentence was imposed) to August 9, 2011 (the date the second sentence was imposed). [Doc. #1, p.8]

### Law and Discussion

As noted above, Petitioner was sentenced to a term of 14 months in Criminal Case No. 2:10-cr-21, and a term of 120 months in Criminal Case No. 6:10-cr-126. In the latter case, the district judge ordered Petitioner's sentence to run concurrently with the prior 14 month sentence. Thus, by the date of imposition of the second sentence, Petitioner had served 5 months, 18 days of his fourteen month sentence.

It seems that Petitioner wants credit for the 5 months, 18 days from the first sentence toward his second sentence. Section 3584 governs the terms of imprisonment when multiple sentences are imposed. It provides, in relevant part, that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be

treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. §3584(c). The BOP Sentence Computation Manual provides guidance on calculating a prisoner's aggregate term of imprisonment where, as here, the commencement date and end date of the prisoner's second sentence occurs after the commencement date and end date, respectively, of the prisoner's first sentence. PROGRAM STATEMENT, 1-36; 1-37.

Petitioner is properly receiving concurrent credit from the date the second sentence was imposed. The BOP is required to treat the two terms as a single aggregate term of imprisonment of 10 years, 5 months, and 18 days. See 18 U.S.C. § 3584(c). Petitioner's aggregate sentence commenced on February 22, 2011. The BOP awarded Petitioner prior sentence credit for July 27, 2010, and September 1, 2010, through February 21, 2010. [Doc. #1, p.17]

18 U.S.C. §3585(b) provides in relevant part:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

***that has not been credited against another sentence.***

18 U.S.C. § 3585(b) (emphasis added).

Petitioner received credit against his 14-month sentence for the time he was in custody *prior to the imposition of the 10-year sentence*. He cannot receive credit for that time against the later sentence, too. That is, Petitioner may not receive credit towards his later sentence for the time between the imposition of his first federal sentence on February 22, 2011, and the imposition of his second federal sentence on August 9, 2011, as that five months and 18 days was credited toward Petitioner's aggregate sentence. 18 U.S.C. §3584(b) and (c).

Essentially, the remainder of Petitioner's first sentence (14 months) was aggregated into the 10-year sentence. Thus, he is only serving ten years from the date that sentence was imposed, not 10 years plus 9 months (the time remaining on the 14 months sentence). If the BOP was not honoring the concurrent nature of the sentences, it would have figured the release date as approximately 129 months after imposition of the second sentence to account for the approximately nine months that was remaining on the 14 month sentence at the time the second sentence was imposed.

In summary, the Court concludes that the BOP correctly calculated Petitioner's sentence, and that he has been given all due credit for time spent in custody.

Therefore, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** with prejudice because

4

Petitioner is not in custody in violation of the Constitution or laws of the United States.

## *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE